# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 11-50-BLG-BMM |
| Plaintiff, | |
| vs. | ORDER |
| ALAN "TONE" HANSON, | |
| Defendant. | |

## INTRODUCTION

Defendant Alan "Tone" Hanson moved the Court to reconsider its March 16, 2015, Order that denied Hanson's Motion for Sentence Reduction on January 28, 2019. (Doc. 56.) The Court recharacterized Hanson's motion as an 18 U.S.C. § 3582(c) motion on February 11, 2019. (Doc. 57 at 1.)

The Court determined that Hanson presented a plausible claim for reduced sentence under § 3582(c) in light of the United States Supreme Court's recent decisions in both *Hughes v. United States*, __ U.S. __, 138 S. Ct. 1765 (2018), and *Koons v. United States*, __ U.S. __, 138 S. Ct. 1783 (2018). *Id*. at 9. The Court requested the Government to order immediately the transcripts from Hanson's change of plea hearing and sentencing hearing. *Id*. at 9. The Court likewise required the Government to respond to Hanson's motion within 14 days of filing

1

the requested transcripts. *Id*. The Government timely responded on March 7, 2019. (Doc. 63.) The Court will not recite the facts here as it presented previously the facts pertinent to the instant motion in its February 11, 2019, Order. *See* (Doc. 57 at 1-4.)

## DISCUSSION

The Government concedes that Hanson proves "eligible for a sentence reduction" as Hanson's sentence proved "based on" the Guideline sentence range in light of the Supreme Court's holding in *Hughes*. (Doc. 63 at 1.) Section 3582(c) "establishes a two-step inquiry" whether a defendant proves entitled to a sentence reduction. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

The Court "must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id*. Section 1B1.10 provides, in pertinent part, that "[i]n determining whether, and to what extent a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1). The Court must "substitute only the amendments listed in subsection (d) for the corresponding

guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id*.

The Government concedes that Hanson satisfies the first prong of the *Dillon* test. (Doc. 63 at 8.) As a result, the Government acknowledges that the Court possesses the discretion to amend Hanson's guideline range. *Id*. at 8-9. Hanson's recalculated base offense level is 24. U.S.S.G. § 2D1.1(c)(8). The Court reduces Hanson's base offense level by three in light of the Court's recognition of his acceptance of responsibility and timely notification of plea. *See* (Doc. 46 at 8.) Hanson stands at a total offense level of 21 with a criminal history category of III. Hanson's recalculated advisory range equals 46 to 57 months on Count I. Hanson's sentence of 60 months on Count II remains consecutive. The Government, and Hanson, agree that Hanson's recalculated guideline range on Count I equals 46 to 57 months. (Docs. 63 at 9, 71 at 6.)

The Government nonetheless advocates that § 3553(a) sentencing factors do not justifying the Court reducing Hanson's sentencing. *Id*. at 1-2, 9-10. The Government contends that Hanson's 150 month sentence remains warranted as Hanson possess a lengthy criminal history, that Hanson's instant offense involved the possession of a firearm while distributing cocaine, and that Hanson has benefited from the underlying plea agreement. *Id*. at 9. Hanson faced a maximum penalty of 30 years imprisonment, pursuant to the Government's 851 motion,

before he entered into the Type-C plea agreement with the Government. *Id.* at 9-10. The Government ultimately contends that the sentence that the Court originally imposed against Hanson remains "necessary to protect the public from future crimes" and necessary to deter Hanson from engaging in similar conduct in the future. *Id.* at 9.

Hanson contends that he has "worked hard towards rehabilitating himself and readying himself for life outside the prison walls." (Doc. 71 at 7.) Hanson acknowledges the seriousness of his criminal history, including the seriousness of the instant offenses of conviction. *Id.* Hanson further highlights that he previously remained sober and employed between 2008 and 2011. *Id.* at 8. Hanson likewise argues that he "has completed every single drug treatment program he was eligible for, and has participated in obtaining electrician, plumbing, and HVAC certification hours." *Id.* at 8.

Hanson currently is 41 years old. *Id.* at 7. He has served more than eight years of his 150 month sentence. *Id.* Hanson has made the most of his substantial time in custody. He has completed drug treatment programs and participated in vocational training programs that will better his life upon his release from the Bureau of Prisons.

A reduction in Hanson's sentence will protect the community, will reflect the seriousness of the offense, will provide just punishment under the law, and will

not be disparate to sentences of defendants convicted of similar offenses. 18 U.S.C. § 3553(a). The Court will grant Hanson's § 3582(c) Motion for Reduced Sentence.

The United States Probation Office will prepare and file an Addendum to the Presentence Report in this matter. The parties shall file any objections they may have to the Addendum to the Presentence Report within 14 days of its filing date. The Court will enter an amended judgment after the objection period.

Accordingly, IT IS ORDERED:

1. Hanson's Motion for Reconsideration (Doc. 56) recharacterized as a Second Motion for Sentence Reduction Pursuant to § 3582(c) is GRANTED.

2. The parties shall file any objections they may have to the Addendum to the Presentence Report within 14 days of the Addendum to the Presentence Report being filed.

DATED this 9th day of July, 2019.

Brian Morris
United States District Court Judge